IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VOTE!, et al.,

    *Plaintiffs*,

v.                                                  Case No. 6:25-cv-1980

CITY OF DAYTONA BEACH, et al.,

    *Defendants*.

_____/

## CITY'S MOTION FOR AN EXTENSION OF TIME

Pursuant to Local Rule 3.01, Defendant, City of Daytona Beach moves for (i) a 7-day extension of time to file its responsive pleading to Plaintiffs' Complaint (Doc. 1) and (ii) a 10-day extension of time to file its response to Plaintiffs' Time-Sensitive Motion for Preliminary Injunction (the "PI Motion") (Doc. 7).

    1.    Plaintiffs filed their Complaint on October 14, 2025. (Doc. 1). Plaintiffs served the City with the Complaint on October 20, 2025. (Doc. 8).

    2.    Plaintiffs filed their PI motion on October 20, 2025, the same day Plaintiffs served the City with the Complaint in this matter. (Doc. 8).

    3.    Under the current schedule, the City's response to Plaintiffs' PI Motion is due on November 3, 2025. The City's response to the Complaint is due on November 10, 2025.

    4.    In support of their PI Motion, Plaintiffs submitted a forty-page affidavit from their expert witness, Dr. Bryant J. Moy. (Doc. 7-12). In his affidavit, Dr. Moy

examines past election data from the City to determine whether racially polarized voting exists. (*Id.* at 2–33). He concludes that the City had racially polarized voting in twenty-five of the thirty-one elections he studied and that white bloc voting is usually not sufficient to defeat the Black-preferred candidate. (*Id.* at 34).

5. The City retained counsel on October 23, 2025.

## Memorandum of Law

Generally, deadlines may be extended for good cause. Fed. R. Civ. P. 6(b)(1). Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires . . . ."

Good cause supports the City's request for extensions of time, and this request is made before the deadlines have expired. The City's counsel requires additional time to evaluate the issues presented in the Complaint and the PI Motion. The City also requires additional time to engage an expert to review Dr. Moy's affidavit and prepare a rebuttal report. As the conferral certification makes clear, the extensions will not prejudice Plaintiffs.

For these reasons, the City respectfully requests that the Court: (i) extend the time for the City to respond to Plaintiffs' PI Motion to November 13, 2025 at the earliest, and (ii) extend the time for the City to respond to Plaintiffs' Complaint to November 17, 2025.

## Local Rule 3.01(g) Certification

I certify that the City's conferred with Plaintiffs' counsel by e-mail on October 28, 2025, regarding the relief requested in this motion. Plaintiffs do not oppose the relief sought regarding the extension of time for the City to respond to the Complaint. Plaintiffs' position as to the City's request for an extension of time to respond to the PI Motion is: "Regarding the PI response deadline, we propose requesting a status conference so all the parties can discuss case timing with Judge Byron and set a briefing/hearing schedule that works for both his and our respective schedules, with sensitivity to the time-sensitive nature of the motion." "Should the court hold a status conference, plaintiffs would not oppose extending the PI response deadline to the date the court sets at the conference."

Dated: October 30, 2025                Respectfully submitted by,

/s/ Valerie L. Chartier-Hogancamp
Mohammad O. Jazil (FBN 72556)
Valerie L. Chartier-Hogancamp (FBN 1011269)
Randall M. Raban (FBN 1055100)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com
vhogancamp@holtzmanvogel.com
rraban@holtzmanvogel.com
zbennington@holtzmanvogel.com

*Counsel for the City of Daytona Beach*

## CERTIFICATE OF SERVICE

I certify that on October 30, 2025, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Valerie L. Chartier-Hogancamp
Valerie L. Chartier-Hogancamp
