Sarah Jonas
Assistant County Attorney
123 West Indiana Avenue
DeLand, FL 32720
sjonas@volusia.org

November 6, 2025

*Via email*

**Re: Limited Participation of Supervisor of Elections in *VOTE! v. City of Daytona Beach*, No. 6:25-cv-1980 (M.D. Fla.)**

Dear Counsel:

This Letter Agreement memorializes the agreement between Plaintiffs and Defendant Volusia County Supervisor of Elections regarding the Supervisor's limited participation in the above-referenced case. Plaintiffs and the Supervisor are collectively referred to as the "Parties."

**Whereas**, Plaintiffs have filed suit against the City of Daytona Beach and the Supervisor alleging the Daytona Beach City Commission map is an unconstitutional racial gerrymander (the "Litigation");

**Whereas**, the Supervisor is not directly involved in the City's redistricting, and therefore has no position on the merits of Plaintiffs' claims or their right to relief in the Litigation;

**Whereas**, the Parties have reached an agreement regarding their respective conduct in the Litigation; and

**Now, therefore**, in consideration of the promises, representations, and warranties set forth herein, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.    The Supervisor agrees not to raise or assert any affirmative defenses or otherwise join in the active defense against the merits of Plaintiffs' claims in the Litigation.
2.    The Supervisor may, individually or jointly with the City of Daytona Beach, file an answer to Plaintiffs' complaint that truthfully responds to the factual allegations, to the extent the Supervisor has sufficient information to do so, and takes no position on the legal conclusions and assertions in Plaintiffs' complaint, including in Plaintiffs' request for relief.



4343 West Flagler Street
Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
www.aclufl.org

Nicholas Warren
*Staff Attorney*

1



3. The Supervisor will not move to dismiss, move for judgment on the pleadings, move for summary judgment, otherwise move for partial or complete relief, move to stay any order granting partial or complete relief, serve discovery, offer exhibits or call witnesses at trial or other evidentiary hearings, appeal any order or judgment entered in the Litigation, or join in any of the foregoing.

4. However, without breaching this Letter Agreement, the Supervisor may (1) act for the limited purpose of avoiding default and/or default judgment and may act to obtain relief from default, default judgment, or both; and (2) actively defend herself to the extent the Supervisor is alleged to have acted illegally, unethically, or in bad faith.

5. Nothing in this Letter Agreement precludes the Supervisor from presenting facts and argument regarding the timing and feasibility of specific remedies the Court might order, and the impact of those remedies on the administration of elections.

6. The Supervisor will respond or object to discovery as authorized by the Federal Rules of Civil Procedure and may file and respond to discovery motions.

7. The Supervisor will appear for a Rule 30(b)(6) deposition if properly noticed, testify at trial or other evidentiary hearings if subpoenaed, and comply with court orders and judgments applicable to her.

8. Notwithstanding the limitations set forth in this Letter Agreement, if the City obtains dismissal or a judgment in its favor on any claim asserted by Plaintiffs, then such dismissal or judgment shall extend to the Supervisor as well without limitation. Plaintiffs agree to not raise any objection or argue that any assertion or request to the Court by the Supervisor that any dismissal or judgment against Plaintiffs entered in the Litigation extend to the Supervisor on the same grounds.

9. Plaintiffs will not seek, or seek to collect, attorney's fees, costs, litigation expenses, or other monetary relief from the Supervisor. Plaintiffs will not argue to the Court that the Supervisor's conformance with the Letter Agreement constitutes consent to the validity of any claim or request for any relief. In any motion for attorney's fees, costs, litigation expenses, or other monetary relief, including any motion to determine entitlement to an award of attorney's fees, or to determine the amount of an award of attorney's fees, Plaintiffs will expressly disclaim a request for an award against the Supervisor.

10. The Supervisor authorizes Plaintiffs to represent that she takes no position on any motion they may file in this case, as long as the motion does not seek relief prohibited by this Letter Agreement or alleges the Supervisor acted illegally, unethically, or in bad faith.

11. The Supervisor represents and agrees that there will be adequate time to implement a remedial Daytona City Commission map in the 2026 elections if she receives such a map by May 1, 2026.

This Letter Agreement contains the entire agreement of Plaintiffs and the Supervisor pertaining to its subject matter. It may be altered, amended, or modified only by a writing executed by all Plaintiffs and the Supervisor.

The signatory of this letter warrants and represents that he or she is authorized to sign on behalf of the party whom he or she represents.

The undersigned accept the terms set forth in this Agreement on behalf of the respective Parties.



Date: November 6, 2025
By: /s/ Nicholas L.V. Warren
Counsel for Plaintiffs

Date: November 6, 2025
By:  /s/ Sarah L. Jonas
Counsel for Volusia County Supervisor of Elections