UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VOTE!, *et al.*,

    Plaintiffs,

v.                                                                Case No. 6:25-CV-1980-PGB-RMN

CITY OF DAYTONA BEACH, *et al.*,

    Defendants.
_____

### Uniform Case Management Report

    The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

**1. Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 11/17/2025. All parties attended the conference.

**2. Deadlines and Dates**

The parties request these deadlines and dates:

| **Action or Event** | **Date*** |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 12/1/2025 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 2/13/2026 |

| | | |
|---|---|---|
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 3/13/2026 |
| | Defendant | 5/13/2026 |
| | Rebuttal | 6/12/2026 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 7/17/2026 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 8/13/2026 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Mediator: James R. Wolf, O'Steen & O'Steen, 2900 E. Park Ave., Tallahassee, FL 32301, (850) 877-1028 | | 4 months before trial begins |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 11/23/2026 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 12/1/2026 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 12/21/2026 |
| Month and year of the trial term. | | Jan. 2027 |

\*   The City of Daytona Beach unilaterally requests special handling of the case, as discussed below. First, the City maintains that waiting for a decision from the Supreme Court in *Louisiana v. Callais*, Case No. 24-109, is appropriate. A decision limiting (or eliminating) the consideration of race may well require the City to redraw its map. Alternatively, if the Court decides to not stay this case pending a decision in *Callais*, to the extent an evidentiary hearing is necessary, the City asks that this Court consolidate the preliminary injunction proceedings together with the trial on the merits as Federal Rule of Civil Procedure 65(a)(2) allows. Notably, there's no jury in this case, making inapplicable Rule 65(a)(2)'s admonition to "preserve" a "right to jury trial." The City expects the consolidated hearing to take no longer than 2 days and open to the hearing being scheduled expeditiously.

Plaintiffs oppose staying the case or consideration of the PI motion pending a decision in *Callais*, for the reasons Plaintiffs will explain in their forthcoming brief.

Plaintiffs oppose consolidating the PI hearing with the trial on the merits. As discussed at the November 13 case management conference, there is ample time for the Court to resolve the PI motion, afford the City an opportunity to propose an interim remedy, and adjudicate any objections to the City's proposed remedy (including holding an evidentiary hearing on remedy, if one is necessary) in time to have a new map in place for the 2026 elections. But advancing the trial will either (a) deprive Plaintiffs a fair opportunity to serve and review written discovery, depose the City's mapping consultant and as-yet-undisclosed rebuttal expert, and prepare for trial armed with that discovery, *or* (b) postpone the trial/PI hearing too late for an adequate remedial process in advance of the 2026 elections.

Additionally, Plaintiffs' counsel have a 5-day trial scheduled to begin January 12 in *Cubanos Pa'lante v. Florida House of Representatives*, S.D. Fla. No. 1:24-cv-21983, a racial-gerrymandering challenge to legislative and congressional districts involving five experts, six plaintiffs, and as many as six other fact witnesses. Plaintiffs' counsel are also engaged in expedited discovery in *Brown v. Young*, N.D. Fla. No. 4:25-cv-419, a First Amendment challenge to the firing of a state employee, which will likely entail taking at least six depositions in January. These other responsibilities will make preparing for a consolidated trial in this case in early 2026 extremely difficult.

The trial will last approximately 3 days and be

☐ jury.

☒ non-jury.

3. **Description of the Action**

Plaintiffs assert one claim under 42 U.S.C. § 1983 alleging that Daytona Beach City Commission Zones 5 and 6 are racially gerrymandered in violation of the Equal Protection Clause of the U.S. Constitution.

4. **Disclosure Statement**

☒ Each party has filed a disclosure statement using the required form.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by

filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

Plaintiffs do not request a preliminary pretrial conference.

Defendant, the City of Daytona Beach, requests a preliminary pretrial conference.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

    The parties submit the following discovery plan under Rule 26(f)(2):

    A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

        ☒ Yes.
        ☐ No; instead, the parties agree to these changes: enter changes.

    B.  Discovery may be needed on these subjects:
        - Whether race predominated in the drawing of the challenged districts;
        - Whether the use of race was narrowly tailored to a compelling interest;
        - The administrability of a remedial decree; and
        - Affirmative defenses.

    C.  Discovery should be conducted in phases:

        ☒ No.
        ☐ Yes; describe the suggested phases.

    D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

        ☒ No.
        ☐ Yes; describe the issue(s).

    E.  ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

    F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

        ☒ No.
        ☐ Yes; describe the stipulation.

10. **Request for Special Handling**

    ☐ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☒ The City of Daytona Beach unilaterally requests special handling of the case, as discussed below. First, the City maintains that waiting for a decision from the Supreme Court in *Louisiana v. Callais*, Case No. 24-109, is appropriate. A decision limiting (or eliminating) the consideration of race may well require the City to redraw its map. Alternatively, to the extent an evidentiary hearing is necessary, the City asks that this Court consolidate the preliminary injunction proceedings together with the trial on the merits as Federal Rule of Civil Procedure 65(a)(2) allows. Notably, there's no jury in this case, making inapplicable Rule 65(a)(2)'s admonition to "preserve" a "right to jury trial." The City expects the consolidated hearing to take no longer than 2 days and open to the hearing being scheduled expeditiously.

Plaintiffs oppose the City's request, as explained above on page 3.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

/s/ Nicholas L.V. Warren
Nicholas L.V. Warren (FBN 1019018)
Caroline A. McNamara (FBN 1038312)
Daniel B. Tilley (FBN 102882)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
cmcnamara@aclufl.org
dtilley@aclufl.org

*Counsel for Plaintiffs*

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Valerie L. Chartier-Hogancamp
   (FBN 1011269)
Randall M. Raban (FBN 1055100)
**Holtzman Vogel Baran
Torchinsky & Josefiak PLLC**
119 South Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com
vhogancamp@holtzmanvogel.com
rraban@holtzmanvogel.com
zbennington@holtzmanvogel.com

*Counsel for the City of Daytona Beach*

6

          <u>/s/ Sarah Jonas</u>
          Sarah Jonas (FBN 115989)
          **Assistant County Attorney**
          123 West Indiana Avenue
          DeLand, Florida 32720
          (386) 736-5950
          sjonas@volusia.org
          vbustamante@volusia.org

          *Counsel for the Supervisor of Elections*