IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VOTE!, et al.,

   *Plaintiffs,*

v.                                               Case No. 6:25-cv-1980-PGB-RMN

CITY OF DAYTONA BEACH, et al.,

   *Defendants.*

_____/

## CITY OF DAYTONA BEACH'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO THE CITY

The City of Daytona Beach responds to Plaintiffs' First Set of Interrogatories as follows. The City reserves the right to supplement, clarify, or otherwise amend its responses to these interrogatories.

1. Describe in detail whether and how the City determined that the Voting Rights Act required it to draw Zones 5 and 6 to avoid the effect of diluting the votes of Black residents. Your response should include an explanation of:

    a. The specific data that were examined, including particular election results and particular demographic statistics.

    b. What analysis of any data the City conducted.

    c. The names of the individuals who conducted any such analyses.

    d. The conclusions reached regarding any such analyses.

    e. Whether and how the City determined that the City's white majority votes in a bloc to usually defeat the choice of Black voters within the City.

    f. Who was involved in the determination, and each individual's role.

**Response:** The City retained Kurt Spitzer and Associates ("KSA") to conduct the

1

data review and analysis and provide alternatives to the City for its redistricting process. The process conducted by KSA is summarized in KSA's various memoranda to the City, provided in response to RFPs. The backup data and files analyzed for this process have also been provided. Concurrent with KSA's analysis, City staff reviewed past elections data to determine voting patterns. Based upon the alternatives provided by KSA, the City Commission, with input from the City Attorney, made the ultimate decision as to which alternative to select, which is memorialized in Ordinance No. 2025-370, adopted October 1, 2025; transcripts of the public meetings at which the City Commission made the decision have been provided.

    2.    If you contend that the City was motivated by any non-racial considerations in drafting each of the following, describe those non-racial considerations and all facts and evidence in support of your contention:

    a. Ordinance 2025-370.

    b. Zones 5 and 6 in Ordinance 2025-370.

**Response:** The non-racial considerations by the City Commission in the redistricting process are discussed in the Spitzer memoranda and the City Commission transcripts.

    3.    Describe and explain all reasons why Zones 1, 2, 3, 4, 5, and 6 were drawn in their configurations in Ordinance 2025-370.

**Response:** The reasons for the configurations of the Zones are discussed at length in the Spitzer memoranda and the City Commission transcripts.

    4.    Describe the City's objectives in drawing and adopting:

    a. Ordinance 2025-370.

    b. Zones 5 and 6 in Ordinance 2025-370.

**Response:** The objectives of the City's redistricting process are set forth in the Spitzer memoranda and the City Commission transcripts.

    5.    Separately for each zone, describe and provide an explanation for all reasons why the City drew them in the configurations in Ordinance 2025-370.

**Response:** The reasons for the configurations of each zone are discussed in the Spitzer memoranda and the City Commission transcripts.

    6.    Describe all partisan or political goals that the City had in drawing and adopting Ordinance 2025-370 and the zones within it.

**Response:** The City had no partisan or political goals in its redistricting process.

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Kurt Spitzer, on behalf of the City of Daytona Beach, declare under penalty of perjury that the foregoing answers to the first set of interrogatories are true and correct.

Executed on December 18, 2025.

/s/ Kurt Spitzer
Kurt Spitzer

Dated: December 18, 2025

/s/ Valerie L. Chartier-Hogancamp
Mohammad O. Jazil (FBN 72556)
Valerie L. Chartier-Hogancamp (FBN 1011269)
Randall M. Raban (FBN 1055100)
Holtzman Vogel Baran
Torchinsky & Josefiak PLLC
119 S. Monroe Street, Suite 500
Tallahassee, Florida 32301
(850) 270-5938
mjazil@holtzmanvogel.com
vhogancamp@holtzmanvogel.com
rraban@holtzmanvogel.com
zbennington@holtzmanvogel.com

*Counsel for the City of Daytona Beach*

## CERTIFICATE OF SERVICE

I certify that on December 18, 2025, I served the foregoing via electronic mail to all counsel of record for the parties who have appeared.

/s/ Valerie L. Chartier-Hogancamp
Valerie L. Chartier-Hogancamp