IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VOTE!, et al.,

   *Plaintiffs,*

v.                        Case No. 6:25-cv-1980-PGB-RMN

CITY OF DAYTONA BEACH, et al.,

   *Defendants.*

_____/

**CITY OF DAYTONA BEACH'S RESPONSES TO
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO THE CITY**

Pursuant to Federal Rule of Civil Procedure 36, the City of Daytona Beach submits its response to Plaintiffs' First Requests for Admission to the City.

**RESPONSES TO REQUESTS FOR ADMISSION**

1. Admit that, in the development of each of the following, the City complied with Fla. Stat. § 166.0321's prohibition on drawing districts with the intent to favor or disfavor a candidate or incumbent based on their residential address:

    a. Ordinance 2025-370.

    b. Zone 1 in Ordinance 2025-370.

    c. Zone 2 in Ordinance 2025-370.

    d. Zone 3 in Ordinance 2025-370.

    e. Zone 4 in Ordinance 2025-370.

    f. Zones 5 in Ordinance 2025-370.

    g. Zone 6 in Ordinance 2025-370.

**RESPONSE: The City complied with all provisions of section 166.0321, Florida Statutes, in its redistricting process.**

2. Admit that the City Commission had a goal to make two zones in Ordinance 2025-370 both 50% Black by total population.

**RESPONSE: Deny.**

3. Admit that a majority of the City Commission had a goal to make Zones 5 and 6 in Ordinance 2025-370 both 50% Black by total population.

**RESPONSE: Deny.**

4. Admit that at least one member of the City Commission had a goal to make Zones 5 and 6 in Ordinance 2025-370 both 50% Black by total population.

**RESPONSE: Deny.**

5. Admit that Kurt Spitzer had a goal to make Zones 5 and 6 in Ordinance 2025-370 both 50% Black by total population.

**RESPONSE: Deny.**

6. Admit that, during its 2025 redistricting process, the City Commission rejected alternative plans that did not have two majority-Black zones.

**RESPONSE: The City Commission rejected alternative plans other than the plan selected because the alternative plans either did not satisfy the factors for redistricting or because the selected plan better satisfied the factors for redistricting. Otherwise deny.**

7. Admit that, during its 2025 redistricting process, the City Commission rejected alternative plans at least partly because they did not have two majority-Black zones.

**RESPONSE: Deny.**

8. Admit that having two majority-Black zones was important to at least one member of the City Commission.

**RESPONSE: Deny.**

9. Admit that having two majority-Black zones was important to a majority of the City Commission.

**RESPONSE: Deny.**

10. Admit that the City Commission adopted the enacted plan at least partly because it had two majority-Black zones.

**RESPONSE: Deny.**

11. Admit that the City Commission did *not* have partisan goals in adopting Ordinance 2025-370.

**RESPONSE: Admit.**

12. Admit that the City Commission *had* partisan goals in adopting Ordinance 2025-370.

**RESPONSE: Deny.**

Dated: December 18, 2025

/s/ Valerie L. Chartier-Hogancamp
Mohammad O. Jazil (FBN 72556)
Valerie L. Chartier-Hogancamp (FBN 1011269)
Randall M. Raban (FBN 1055100)
Holtzman Vogel Baran
Torchinsky & Josefiak PLLC
119 S. Monroe Street, Suite 500
Tallahassee, Florida 32301
(850) 270-5938
mjazil@holtzmanvogel.com
vhogancamp@holtzmanvogel.com
rraban@holtzmanvogel.com
zbennington@holtzmanvogel.com

*Counsel for the City of Daytona Beach*

## **CERTIFICATE OF SERVICE**

I certify that on December 18, 2025, I served the foregoing via electronic mail to all counsel of record for the parties who have appeared.

/s/ Valerie L. Chartier-Hogancamp
Valerie L. Chartier-Hogancamp
