IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VOTE!, *et al.*,

    *Plaintiffs*,

v.                                          Case No. 6:25-cv-1980-PGB-RMN

CITY OF DAYTONA BEACH, *et al.*,

    *Defendants*.

_____/

**JOINT NOTICE REGARDING PRELIMINARY INJUNCTION HEARING**

Pursuant to the Court's November 13, 2025 Order (ECF No. 25), Plaintiffs and the City of Daytona Beach address their positions on a preliminary injunction hearing.

Plaintiffs request an evidentiary hearing and oral argument. As discussed at the case management conference (ECF No. 36 at 13–15), Plaintiffs request the Court schedule a hearing so that it can rule by mid-February.[1] Plaintiffs, their counsel, and their witnesses can be available for a hearing any day beginning January 21, 2026, except for January 26 and February 9–19 due to a witness's overseas travel and surgery. Plaintiffs' counsel are unavailable before January 21 due to a 5-day trial from January 12–16 (which the City's counsel has also) and expedited discovery obligations discussed in the case management report (ECF No. 27 at 3). For the reasons explained

---

[1] This request is reasonable. Plaintiffs filed their Complaint less than two weeks after the City passed its redistricting ordinance. The PI motion, including an expert report, came 6 days later. Plaintiffs have shown "reasonable diligence" entitling them to a ruling in time to affect the August and November 2026 elections. *Jacksonville Branch of NAACP v. City of Jacksonville*, 635 F. Supp. 3d 1229, 1299 (M.D. Fla. 2022) (quoting *Benisek v. Lamone*, 585 U.S. 155, 159 (2018)) (preliminarily enjoining racially gerrymandered districts less than three months after motion filed, and five months ahead of election).

1

in that report, Plaintiffs remain opposed to consolidating the trial and PI hearing.

Defendant, the City of Daytona Beach, doesn't oppose an evidentiary hearing; however, it maintains that any such hearing should be consolidated with a trial on the merits under Federal Rule of Civil Procedure 65(a)(2). Plaintiffs aren't entitled to a jury. The witnesses and evidence are expected to be much the same, as well.

As for timing, counsel for the City has a trial scheduled in the Southern District of Florida from January 12, 2026 until January 23, 2026, and a trial scheduled in the Northern District of Florida from February 9, 2026 until February 20, 2026. Mr. Spitzer, the City's consultant, has an overseas trip scheduled from late February until March 26–27.

Respectfully submitted December 23, 2025,

 /s/ Nicholas L.V. Warren 

Nicholas L.V. Warren (FBN 1019018)
Caroline A. McNamara (FBN 1038312)
Daniel B. Tilley (FBN 102882)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
cmcnamara@aclufl.org
dtilley@aclufl.org

*Counsel for Plaintiffs*

 /s/ Mohammad O. Jazil 

Mohammad O. Jazil (FBN 72556)
Valerie L. Chartier-Hogancamp
   (FBN 1011269)
Randall M. Raban (FBN 1055100)
**Holtzman Vogel Baran
Torchinsky & Josefiak PLLC**
119 South Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com
vhogancamp@holtzmanvogel.com
rraban@holtzmanvogel.com
zbennington@holtzmanvogel.com

*Counsel for the City of Daytona Beach*