## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**VOTE!, JOSEPHINE POPE,**
**GABRIELLE ADEKUNLE and**
**VICTOR VALENTIN,**

        **Plaintiffs,**

**v.**                            **Case No: 6:25-cv-1980-PGB-RMN**

**CITY OF DAYTONA BEACH and**
**LISA LEWIS,**

        **Defendants.**

_____/

### ORDER

The Court directed the parties to brief the implications of the anticipated opinion in *Louisiana v. Callais*, No. 24-109, on Plaintiffs' Motion for Preliminary Injunction. (Doc. 25). With the benefit of briefing (Docs. 28, 29), the Court Orders the proceedings stayed pending issuance of an opinion by the United States Supreme Court.

## I.    DISCUSSION

The Plaintiffs allege that Zones 5 and 6 of the redistricting maps adopted by the Daytona Beach City Commission on October 1, 2025, constitute racial gerrymandering (Doc. 1). The Plaintiffs claim the City set a 50% Black population target for these two zones and lacked a compelling interest in subordinating race-neutral districting principles to racial considerations (Doc. 1, 7). The Supreme Court is expected to clarify in *Callais* whether any consideration of race in

redistricting, as opposed to racial predominance, requires the government to satisfy strict scrutiny (Doc. 28, pp. 1–2). The Plaintiffs do not challenge this premise, but they seek to minimize the potential import of *Callais* by asserting that should "the Supreme Court adopt[] the sweeping arguments [that] Louisiana and the *Callais* appellees advance," their case will be easier. (Doc. 29, p. 3). While such confidence is admirable, history teaches that the Supreme Court does not tailor its rulings to the positions advanced by the parties. The Supreme Court will have the final word on the role of race in the Voting Rights Act and the relevant standards that will guide judicial review of any line-drawing should the Plaintiffs prevail. The Court will await further guidance from the Supreme Court before reaching the merits of the Plaintiffs' motion.[1]

## II.    CONCLUSION

It is **ORDERED AND ADJUDGED** that this matter is **STAYED** pending the issuance of an opinion by the United States Supreme Court in *Louisiana v. Callais*. The Plaintiffs shall notify the Court once the Supreme Court has issued its opinion.

**DONE AND ORDERED** in Orlando, Florida on January 21, 2026.

---

[1] "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties