IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VOTE!, *et al.*,

    *Plaintiffs*,

v.                                                                                          Case No. 6:25-cv-1980-PGB-RMN

CITY OF DAYTONA BEACH, *et al.*,

    *Defendants*.

_____/

**PLAINTIFFS' MOTION FOR RECONSIDERATION**
**OF ORDER STAYING CASE**

    After Plaintiffs moved to preliminarily enjoin the Daytona Beach City Commission's new redistricting plan ahead of the 2026 elections, the Court stayed this case pending the U.S. Supreme Court's anticipated decision in *Callais v. Louisiana.* Dkt. No. 39. Reconsideration of a court order is "an extraordinary remedy," *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993), but sometimes it is warranted. Respectfully, this is one such instance.

    Plaintiffs allege that City Commission Zones 5 and 6 are racial gerrymanders because the City set a 50% Black population target for them and had no compelling interest in using race in this way. When the government "expressly adopt[s] and applie[s] a policy of prioritizing mechanical racial targets," race predominates and strict scrutiny is triggered. *Ala. Legis. Black Caucus v. Alabama* (*ALBC*), 575 U.S. 254, 267 (2015); *see also Covington v. North Carolina*, 316 F.R.D. 117, 131 (M.D.N.C. 2016) (finding racial predominance when "50%-plus-one BVAP [Black voting-age

1

population] target was of paramount concern"), *aff'd*, 581 U.S. 1015 (2017). Plaintiffs have already argued why *Callais* is unlikely to bear on either the racial predominance or strict-scrutiny inquiries. No party in *Callais* argues that prioritizing a mechanical racial target does *not* trigger strict scrutiny.

After the parties in this case briefed whether a stay is warranted, courts around the country have continued to advance racial gerrymandering and Voting Rights Act cases that *Callais* could arguably impact. In California and North Carolina, three-judge district courts resolved preliminary injunction motions in racial gerrymandering cases. *Tangipa v. Newsom*, No. 2:25-cv-10616, 2026 WL 110585 (C.D. Cal. Jan. 14, 2026); *Williams v. Hall*, No. 1:23-cv-1057, 2025 WL 3296273 (M.D.N.C. Nov. 26, 2025). A three-judge panel in the Southern District of Florida unanimously declined to delay a *trial* in a racial gerrymandering challenge to legislative and congressional districts. *Cubanos Pa'lante v. Fla. House of Reps.*, No. 1:24-cv-21983 (Dec. 8, 2025), Dkt. No. 165. A four-day trial was held last week. *Id.*, Dkt. Nos. 185–86, 188–89. Likewise, the Northern District of Mississippi last week denied a continuance in a VRA challenge to a local redistricting plan; a 10-to-15 day trial starts Monday. *Harris v. DeSoto Cnty.*, No. 3:24-cv-289 (N.D. Miss. Jan. 12, 2026), Dkt. No. 379.

Yesterday, the Fifth Circuit declined to intervene in *DeSoto County* and expressed support for advancing the case to a full merits resolution despite *Callais*:

> Staying one case during the pendency of another is unusual. "Only in rare cases will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*,

2

>299 U.S. 248, 255 (1936). And the movant's burden is especially high "if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255.

*In re DeSoto Cnty.*, No. 26-60020, 2026 WL 147775, at *2 (5th Cir. Jan. 20, 2026). Notably, the Fifth Circuit observed that "if the plaintiffs' claims prove meritorious at trial (a question on which we express no view), delaying the proceedings could result in the abridgment of their right to vote for an additional election cycle." *Id.*

The same is true here. Racial gerrymandering claims "threaten to stigmatize individuals by reason of their membership in a racial group" and involve practices that "are by their very nature odious to a free people whose institutions are founded upon the doctrine of equality." *Shaw v. Reno*, 509 U.S. 630, 643 (1993) (quoting *Hirabayashi v. United States*, 320 U.S. 81, 100 (1943)). Daytonans have already endured one election cycle this decade under an illegal map.[1] They should not have to endure another to await a Supreme Court ruling that ultimately may not affect this dispute.

"[O]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Brady v. Ally Fin., Inc.*, No. 3:17-cv-638, 2017 WL 10651307, at *1 (M.D. Fla. Nov. 21, 2017) (quoting *Landis*, 299 U.S. at 255). This Court "remain[s] fully competent to decide questions of federal law in the meantime—even when related issues are pending before the [Supreme] Court"—and should exercise that competency

---

[1] The map adopted in 2023 and challenged in state court under Fla. Stat. § 166.0321 for being drawn with the intent to favor incumbents based on their residential addresses was used in the 2024 election before being repealed last year. Dkt. No. 7 at 3–4.

3

to adjudicate Plaintiffs' preliminary injunction motion before the 2026 elections. *In re DeSoto Cnty.*, 2026 WL 147775, at *2.[2] Plaintiffs respectfully request that the Court reconsider its order staying this case.

## Local Rule 3.01(g) Certificate

Plaintiffs' counsel conferred by email with counsel for the City, which opposes the requested relief. The Supervisor of Elections takes no position.

Respectfully submitted January 21, 2026,

 /s/ Nicholas L.V. Warren
Nicholas L.V. Warren (FBN 1019018)
Caroline A. McNamara (FBN 1038312)
Daniel B. Tilley (FBN 102882)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
cmcnamara@aclufl.org
dtilley@aclufl.org

*Counsel for Plaintiffs*

---

[2] *See also, e.g.*, *Ala. State Conf. of NAACP v. Allen*, No. 25-13007, 2025 WL 3091433, at *2 (11th Cir. Oct. 30, 2025) (denying stay of injunction in VRA case and noting that "we, and the district court, are bound to apply the law as it currently stands"); *Jackson v. Tarrant Cnty.*, 158 F.4th 571 (5th Cir. 2025) (deciding redistricting case while *Callais* was pending); *Nairne v. Landry*, No. 24-30115 (5th Cir. Aug. 25, 2025), Dkt. No. 328 (denying stay of VRA case pending *Callais*); *Ala. State Conf. of NAACP v. Allen*, No. 2:21-cv-1531, 2025 WL 2835140, at *2 (N.D. Ala. Oct. 1, 2025) ("If the Supreme Court changes the law, the Secretary may renew his stay application. Unless and until such a change occurs, the plaintiffs are entitled to relief from the State's unlawful electoral plan.").