UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VOTE!, JOSEPHINE POPE,
GABRIELLE ADEKUNLE and
VICTOR VALENTIN,

      Plaintiffs,

v.                                          Case No.: 6:25-cv-1980-PGB-RMN

CITY OF DAYTONA BEACH and
LISA LEWIS,

      Defendants.
_____/

## CITY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER STAYING CASE

Back in November, the Court requested briefing on the issue of whether this case should be stayed pending an opinion of the United States Supreme Court following a re-argument of *Louisiana v. Callais*, No. 24-109. (Doc. 25). Both sides thoroughly briefed the issue. (Docs. 28, 29). The Court deliberated and found it appropriate to stay this case. (Doc. 39). Plaintiffs immediately moved for reconsideration of the Court's decision to stay the case. (Doc. 40).

Plaintiffs readily concede, as they must, that "[r]econsideration of a court order is 'an extraordinary remedy.'" (Doc. 40 at 1 (quoting *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993))).[1] Indeed,

---

[1] The Court in *Taylor* denied the motion for reconsideration. 814 F. Supp. at 1074.

1

as *Taylor* (the case cited by Plaintiffs in the first paragraph of their Motion) explains, "[w]hen issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Id.* at 1072-73. The Court carefully considered the previous briefing and rendered its decision. No change has occurred which would warrant reconsideration of that decision.

Plaintiffs cite to cases in other districts where courts have "continued to advance" redistricting cases despite the impending opinion in *Louisiana v. Callais*. (Doc. 40 at 2). For example, Plaintiffs cite cases in California and North Carolina where the courts have resolved preliminary injunction motions. But, Plaintiffs fail to disclose whether a stay was requested by any of the parties in those cases; it appears from a review of the dockets that no such stay was requested. In the California case, for example, the parties *stipulated* to an expedited briefing schedule for the preliminary injunction. *Tangipa v. Newsom*, No. 2:25-cv-10616-JLS-KES, Doc. 17. In the North Carolina case, the parties proposed a condensed schedule to the court, and the court directed the parties to build in additional time. *Williams v. Hall*, No. 1:23-cv-01057-TDS-JLW, May 1, 2024, Text Order. Again, no stay was requested by the parties.

The other two cases cited by Plaintiffs, *Cubanos Pa'lante v. Florida House of Representatives*, No. 1:24-cv-21983-JB (S.D. Fla.), and *Harris v. DeSoto County*, No. 3:24-cv-00289-GHD-RP (N.D. Miss.), are also very different from the instant case. First, those cases were already far along in the litigation process and nearing trial before any sort of stay or continuance was considered on the basis of the re-argument in *Louisiana*

*v. Callais*. With much time, money, and judicial capacity already expended in those cases, those courts moved the cases forward to trial. That is distinct from the instant case, which is at its inception, with a motion to dismiss pending and very little discovery having occurred. *Cubanos* is also distinct for another reason; it is a Congressional redistricting case weighing the careful balance of power in our federal legislative branch.[2]

Here, the case involves a municipality with the result impacting local elections, not Congressional redistricting. And importantly, in the instant case, the City requested a stay at the beginning of the case, and the parties fully briefed the issue for the Court. The Court then carefully considered the facts relevant and unique to this case and determined a stay to be appropriate. As the Eleventh Circuit has held, "await[ing] a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "at least a good [reason], if not an excellent [reason]" to stay a case. *Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). This Court should not disturb its decision to stay this case.[3]

---

[2] *Cubanos* involved redistricting of both Congressional districts and state House districts.

[3] Plaintiffs spend the balance of their Motion rearguing legal points that were either raised, or should have been raised, in the previous briefing submitted to this Court on the issue. This is not appropriate in a motion for reconsideration. *United States ex rel. Mastej v. Health Mgmt. Assocs.*, 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012) ("A motion for reconsideration does not provide an opportunity to simply reargue . . . an issue the Court has once determined.").

3

Dated: January 26, 2026        Respectfully submitted by,

<div style="margin-left: 3em;">
/s/ Valerie L. Chartier-Hogancamp  
Mohammad O. Jazil (FBN 72556)  
Valerie L. Chartier-Hogancamp (FBN 1011269)  
Randall M. Raban (FBN 1055100)  
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC  
119 S. Monroe St. Suite 500  
Tallahassee, FL 32301  
(850) 270-5938  
mjazil@holtzmanvogel.com  
vhogancamp@holtzmanvogel.com  
rraban@holtzmanvogel.com  
zbennington@holtzmanvogel.com  

*Counsel for the City of Daytona Beach*
</div>

## CERTIFICATE OF SERVICE

I certify that on January 26, 2026, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

<div style="margin-left: 50%;">
/s/ Valerie L. Chartier-Hogancamp  
Valerie L. Chartier-Hogancamp
</div>