UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VOTE!, JOSEPHINE POPE,**
**GABRIELLE ADEKUNLE and**
**VICTOR VALENTIN,**

      **Plaintiffs,**

v.                                                Case No: 6:25-cv-1980-PGB-RMN

**CITY OF DAYTONA BEACH and**
**LISA LEWIS,**

      **Defendants.**
_____/

## ORDER

This cause is before the Court on Plaintiffs' Motion for Reconsideration of Order Staying Case. (Doc. 40 (the "**Motion**")). Defendant City of Daytona Beach (the "**City**") submitted a response in opposition. (Doc. 41). Upon consideration, Plaintiffs' Motion is denied.

**I.  BACKGROUND**

The Plaintiffs allege that Zones 5 and 6 of the redistricting maps adopted by the Daytona Beach City Commission on October 1, 2025, constitute racial gerrymandering. (Doc. 1). The Plaintiffs claim the City set a 50% Black population target for these two zones and lacked a compelling interest in subordinating race-neutral districting principles to racial considerations. (Docs. 1, 7). The Supreme Court is expected to clarify in *Louisiana v. Callais*, No. 24-109, whether any consideration of race in redistricting, as opposed to racial predominance, requires

the government to satisfy strict scrutiny. (Doc. 28, pp. 1–2). The undersigned stayed this litigation until the Supreme Court issues its opinion in *Callais*. (Doc. 39).[1] The Plaintiffs seek reconsideration of the Court's Order. (Doc. 40).

## II.   LEGAL STANDARD

A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *accord Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Such a motion may arise under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 59(e), 60(b). Under either Rule, a motion to reconsider cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised [earlier]." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005); *accord Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam).[2]

Reconsideration will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the court rendered its decision, or (3) the need to correct clear

---

[1]   "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

[2]   "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted).

### III. DISCUSSION

The Plaintiffs contend that other courts across the country have not stayed Voting Rights Act cases pending a ruling in *Callais*. (Doc. 40, pp. 2–3). The Court is well aware that other judges may elect to proceed even when this Court opts to stay the litigation. The Plaintiffs' argument amounts to no more than relitigating the merits of the case or venting (albeit very politely) dissatisfaction with the Court's reasoning, which is not permitted. *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013, WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted).

### IV. CONCLUSION

For these reasons, the Plaintiffs' Motion for Reconsideration (Doc. 40) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on February 11, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

3