**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VOTE!, JOSEPHINE POPE, GABRIELLE ADEKUNLE and VICTOR VALENTIN,**

**Plaintiffs,**

**v.** **Case No: 6:25-cv-1980-PGB-RMN**

**CITY OF DAYTONA BEACH and LISA LEWIS,**

**Defendants.**
_______________________________/

## ORDER

This cause is before the Court on the Plaintiffs VOTE!, Josephine Pope, Gabrielle Adekunle, and Victor Valentin's (collectively, the "**Plaintiffs**") Motion for Preliminary Injunction. (Doc. 7 (the "**Motion**")). The Defendant City of Daytona Beach (the "**City**") filed a Response in Opposition (Doc. 35), and the Plaintiffs filed a Reply. (Doc. 37). Upon consideration, the Motion is denied.

## I. BACKGROUND

The Plaintiffs contend that Daytona Beach City Commission Zones 5 and 6 in the Enacted Plan are racially gerrymandered in violation of the Fourteenth Amendment's Equal Protection Clause. (Doc. 7, p. 2). They assert that race was the predominant factor in drawing the district lines, such that the City must satisfy strict scrutiny by proving its use of race "serves a 'compelling interest' and is 'narrowly tailored' to that end." (*Id.* (quoting *Cooper v. Harris*, 581 U.S. 285, 292

(2017))). The Plaintiffs further submit that the City cannot meet this burden, and they seek a preliminary injunction to prevent irreparable harm in light of the August 2026 elections. (*Id.* at pp. 1–2, 20–21). The Motion was filed on October 20, 2025; however, the Court stayed the case while the United States Supreme Court considered *Louisiana v. Callais*, 608 U.S. 85, (2026). (*See generally* Doc. 39). The August 2026 election occurred while the case was stayed.

## II. LEGAL STANDARD

A plaintiff is entitled to preliminary injunctive relief upon establishing:

> (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). A preliminary injunction is an extraordinary remedy that should only be entered upon the movant establishing each of the four requisite elements. *Id.*

## III. DISCUSSION

Since the August 2026 election, which used the Daytona Beach City Commission districts, has already occurred, the Plaintiffs cannot carry their burden of showing irreparable harm. Moreover, the next election using the Enacted Plan is not scheduled until 2028. (Doc. 7, p. 3). The Court will schedule a bench trial on the Plaintiffs' Complaint (Doc. 1 (the "**Complaint**")), after which the Court will rule on a more developed record.

## IV. CONCLUSION

For these reasons, it is **ORDERED AND ADJUDGED** that the Plaintiffs' Motion for Preliminary Injunction (Doc. 7) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on September 8, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties