**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VOTE!, JOSEPHINE POPE,**
**GABRIELLE ADEKUNLE and**
**VICTOR VALENTIN,**

**Plaintiffs,**

**v.** **Case No.: 6:25-cv-1980-PGB-RMN**

**CITY OF DAYTONA BEACH and**
**LISA LEWIS,**

**Defendants.**
**_________________________________/**

**THE CITY OF DAYTONA BEACH'S**
**ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant City of Daytona Beach responds to Plaintiffs' complaint, Doc. 1, as follows. Any allegation not specifically addressed in this Answer is denied. The headings used in this Answer correspond to the headings in the Complaint and are used solely for ease of reference. The City makes no admission by using Plaintiffs' headings or organizational structure.

**PREFATORY PARAGRAPH**

0. All allegations and conclusions in the prefatory paragraph are denied.

**PARTIES**

1. Without knowledge as to the specifics of VOTE!'s organization, membership, or purpose, therefore denied.

2. Without knowledge, therefore denied.

3. Without knowledge, therefore denied.

4. Without knowledge, therefore denied.

5. Denied.

6. Denied.

7. Admitted.

8. Admitted that Lisa Lewis is the Volusia County Supervisor of Elections and is sued in her official capacity. Admitted that the Supervisor of Elections administers Daytona Beach City Commission elections, including implementing the City's redistricting plans.

## JURISDICTION AND VENUE

9. Admitted.

10. Admitted.

## FACTS

### A. Background and 2023 Plan

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. The cited legal authority speaks for itself; denied that any violation has occurred as alleged in this case.

16. Admitted.

17. Admitted.

18. Admitted that five city residents challenged the 2023 Plan in state court. The cited statutory provisions speak for themselves; otherwise, denied.

19. Admitted.

**B. 2025 Redistricting Process and Enacted Plan**

20. Admitted.

21. Admitted.

***1. July 17, 2025 Spitzer Memorandum***

22. Admitted.

23. The memorandum, Doc. 7-3, speaks for itself; otherwise, denied.

24. The memorandum, Doc. 7-3, speaks for itself; otherwise, denied.

25. The memorandum, Doc. 7-3, speaks for itself; otherwise, denied.

26. The memorandum, Doc. 7-3, speaks for itself; otherwise, denied.

27. The memorandum, Doc. 7-3, speaks for itself; otherwise, denied.

28. The memorandum, Doc. 7-3, speaks for itself; otherwise, denied.

***2. August 6, 2025 Commission Workshop***

29. Admitted.

30. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

31. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

32. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

33. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

34. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

35. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

36. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

37. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

38. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

39. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

40. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

41. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

42. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

43. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

44. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

45. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

46. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

47. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

48. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

49. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

50. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

51. The transcript of the workshop, Doc. 7-4, and the Commission's vote memorialized therein, speaks for itself; otherwise, denied.

52. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

53. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

54. The transcript of the workshop, Doc. 7-4, speaks for itself; otherwise, denied.

55. The ordinance, Doc. 7-1, speaks for itself; otherwise, denied.

***3. August 20, 2025 Commission Meeting***

56. Admitted that the ordinance, Doc. 7-1, was considered at the August 20, 2025 Commission meeting; otherwise, denied.

57. The memorandum, Doc. 7-2, speaks for itself; otherwise, denied.

58. The memorandum, Doc. 7-2, speaks for itself; otherwise, denied.

59. The transcript of the meeting, Doc. 7-5, speaks for itself; otherwise, denied.

60. The transcript of the meeting, Doc. 7-5, speaks for itself; otherwise, denied.

61. The transcript of the meeting, Doc. 7-5, speaks for itself; otherwise, denied.

62. The transcript of the meeting, Doc. 7-5, speaks for itself; otherwise, denied.

63. The transcript of the meeting, Doc. 7-5, speaks for itself; otherwise, denied.

64. The transcript of the meeting, Doc. 7-5, speaks for itself; otherwise, denied.

***4. September 3, 2025 Commission Meeting***

65. Admitted that the Commission considered the redistricting ordinance at the September 3, 2025 Commission meeting. The transcript of the meeting, Doc. 7-6, speaks for itself; otherwise, denied.

66. The transcript of the meeting, Doc. 7-6, speaks for itself; otherwise, denied.

67. The transcript of the meeting, Doc. 7-6, speaks for itself; otherwise, denied.

68. The transcript of the meeting, Doc. 7-6, speaks for itself; otherwise, denied.

69. The transcript of the meeting, Doc. 7-6, speaks for itself; otherwise, denied.

70. The transcript of the meeting, Doc. 7-6, speaks for itself; otherwise, denied.

71. The transcript of the meeting, Doc. 7-6, speaks for itself; otherwise, denied.

72. The transcript of the meeting, Doc. 7-6, speaks for itself; otherwise, denied.

73. Admitted that the motion made at the September 3, 2025 Commission meeting was adopted unanimously; otherwise, denied.

***5. October 1, 2025 Commission Meeting***

74. Admitted that the Commission considered the redistricting ordinance at the October 1, 2025 Commission meeting. The transcript of the meeting, Doc. 7-7, speaks for itself; otherwise, denied.

75. The transcript of the meeting, Doc. 7-7, speaks for itself; otherwise, denied.

76. The transcript of the meeting, Doc. 7-7, speaks for itself; otherwise, denied.

77. The transcript of the meeting, Doc. 7-7, speaks for itself; otherwise, denied.

78. Admitted that the motion made at the October 1, 2025 Commission meeting passed unanimously, with one Commissioner absent; otherwise, denied.

**C. Race predominated in the drawing of the Challenged Zones.**

79. Denied.

80. Denied.

81. Denied.

82. The transcripts of the meetings speak for themselves; otherwise, denied.

83. The cited legal authority speaks for itself; denied that any violation has occurred as alleged in this case.

84. Denied.

85. Denied.

**D. The use of race was not narrowly tailored to a compelling interest.**

86. The cited legal authority speaks for itself; denied that any violation has occurred as alleged in this case.

87. Admitted as to the general statement of law; denied that any violation has occurred as alleged in this case.

88. Admitted as to the general statement of law; denied that any violation has occurred as alleged in this case.

89. Denied.

90. Denied.

91. Denied.

## CLAIM FOR RELIEF

92. The City realleges and incorporates by reference all prior paragraphs of this Answer.

93. Admitted as to the general statement of law; denied that any violation has occurred as alleged in this case.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

## REQUEST FOR RELIEF

A. Denied that Plaintiffs are entitled to the relief in this paragraph.

B. Denied that Plaintiffs are entitled to the relief in this paragraph.

C. Denied that Plaintiffs are entitled to the relief in this paragraph.

D. Denied that Plaintiffs are entitled to the relief in this paragraph.

E. Denied that Plaintiffs are entitled to the relief in this paragraph.

F. Denied that Plaintiffs are entitled to the relief in this paragraph.

G. Denied that Plaintiffs are entitled to the relief in this paragraph.

## AFFIRMATIVE DEFENSES

1. Presumption of good faith: The City's redistricting decision is entitled to a presumption of good faith. *Alexander v. S.C. State Conf. of the NAACP,* 602 U.S. 1, 10 (2024). Plaintiffs fail to overcome that presumption and fail to state a plausible claim for racial predominance under the Fourteenth Amendment.

2. Failure to provide an alternative map: Plaintiffs fail to provide an alternative map that disentangles permissible from impermissible considerations. Without an alternative map, Plaintiffs cannot defeat the presumption of good faith. *Alexander*, 602 U.S. at 10, 34–35.

3. Compliance with the Voting Rights Act: Even if race predominated, the City had a strong basis in evidence for its redistricting decisions to avoid liability under Section 2 of the Voting Rights Act. *Cooper v. Harris*, 581 U.S. 285, 292–93 (2017).

4. Same-decision defense: Given redistricting realities—the City's shape and geography, population centers, and political boundaries, for example—the City would have drawn the challenged districts in the same configurations. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

5. No basis for injunctive relief: Plaintiffs fail to allege any basis upon which injunctive relief would be available from this Court.

6. No basis for attorneys' fees or costs: There is no basis for an award of attorneys' fees or costs to Plaintiffs in this action.

7. The City reserves the right to identify additional affirmative defenses.

Dated: September 23, 2026

Respectfully submitted by,

*/s/ Valerie L. Chartier-Hogancamp*
Mohammad O. Jazil (FBN 72556)
Valerie L. Chartier-Hogancamp (FBN 1011269)
Randall M. Raban (FBN 1055100)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com
vhogancamp@holtzmanvogel.com
rraban@holtzmanvogel.com
zbennington@holtzmanvogel.com

*Counsel for the City of Daytona Beach*

**CERTIFICATE OF SERVICE**

I certify that on September 23, 2026, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

*/s/ Valerie L. Chartier-Hogancamp*